**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **EMANUEL W. HAYES,** | ) | |
| **No.  N38177,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00157-MJR** |
| | ) | |
| **ROBERT HILLARD,** | ) | |
| **LARUE LOVE, and** | ) | |
| **K. DIXON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM AND ORDER</u>**

**REAGAN, Chief District Judge:**

Plaintiff Emanual W. Hayes is an inmate currently housed in Building 19 at Vienna Correctional Center.  Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the conditions of his confinement.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must

cross "the line between possibility and plausibility.  *Id.* at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Analysis

Plaintiff Hayes takes issue with the conditions of his confinement in Building 19 at Vienna Correctional Center, where he has been housed since June 11, 2014.  Among the pages of unsanitary and unhealthy conditions described in the complaint: Building 19 is extremely overcrowded; there are only two working toilets for 124 inmates, resulting in waits averaging 30 minutes; Plaintiff is being exposed to asbestos-covered pipes and mold; there are no screens in the windows, so bugs—including roaches—enter the area freely; the plumbing leaks; it is too hot in the summer and too cold in the winter; and the lights are left on 24 hours per day.

It is further alleged that Plaintiff asked Officer K. Dixon to fix a broken toilet seat and leaking pipes (*see* Doc. 1, pp. 6, 10).  Although Dixon said "Ok," nothing was fixed.  Although Warden Hillard and Assistant Warden of Operations Love are named as defendants, there is no mention of them in the narrative of the complaint.

Plaintiff seeks injunctive relief and compensatory damages.

The alleged conditions of confinement, alone or in combination, are actionable Eighth Amendment claims.  *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012) (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that conditions of confinement may establish an Eighth Amendment violation in combination, even if each would not suffice alone; this would occur when they have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")).  However, that does not end the analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Consequently, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). However, allegations that senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations may suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc*., 305 F.3d 603, 615 (7th Cir. 2002).

Warden Hillard and Assistant Warden Love, they are only listed in the case caption and there are no allegations of personal involvement. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Consequently, Assistant Warden Love will be dismissed without prejudice. Warden Hillard, in his individual capacity, will be dismissed without prejudice. Hillard will remain as a named defendant in his official capacity for purposes of injunctive relief only. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (the warden of the facility is the proper defendant to answer for claims regarding conditions of confinement and to carry out any injunctive relief granted).

The allegation that Officer Dixon said he would submit a work order, and the fact that the repair work was never completed, as pleaded, does not state a viable Eighth Amendment claim. Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). As a general matter, a prison official may be liable "only if he knows that

inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections officer must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. Officer Dixon indicated he would file a work slip, which does not suggest deliberate indifference, and Plaintiff acknowledges in the complaint that he is only "guessing" that Dixon did not submit the work slip (*see* Doc. 1, p. 6). It is equally possible that Dixon submitted the work request and the repairman did not follow through. The claim against Dixon fails to satisfy the *Twombly* pleading standard and will be dismissed without prejudice.

Because no Defendant remains in the case in his individual capacity, the request for compensatory damages will be dismissed. The Eleventh Amendment, however, bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the Eighth Amendment claims against Defendants **ASSISTANT WARDEN LARUE LOVE and OFFICER K. DIXON** are **DISMISSED without prejudice**. The Clerk of Court shall have the record reflect that they are terminated as defendants.

**IT IS FURTHER ORDERED** that the Eighth Amendment claim against **WARDEN ROBERT HILLARD in his individual capacity** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the aspect of the prayer for relief seeking compensatory damages is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Eighth Amendment "conditions of confinement" claim shall otherwise **PROCEED** against Defendant **WARDEN ROBERT HILLARD in his official capacity, for purposes of injunctive relief**.

The Clerk of Court shall prepare for Defendant **WARDEN ROBERT HILLARD in his official capacity**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3). Plaintiff's motion for leave to proceed as a pauper (Doc. 2) shall be addressed by separate order.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

     **IT IS SO ORDERED.**

     **DATED: March 10, 2015**

                                 **s/ *Michael J. Reagan***
                                 **MICHAEL J. REAGAN**
                                 **CHIEF JUDGE**
                                 **UNITED STATES DISTRICT COURT**